U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. BYE, JR.,

    Plaintiff,

v                                               Case No. 2:08-cv-10824
                                              Judge Paul D. Borman

NATIONWIDE MUTUAL INSURANCE
COMPANY, an Ohio corporation,

    Defendant.
_____/

JOHN R. MONNICH (P23793)
Attorney for Plaintiff
306 S. Washington Avenue, Suite 306
Royal Oak, Michigan 48067
(248) 548-4747

THOMAS F. KAUZA (P29619)
BISHOP A. BARTONI (P66020)
Attorneys for Defendant
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084
(248) 649-9730
_____/

**PLAINTIFF'S RESPONSE TO COURT'S**
**MOTION FOR CHANGE OF VENUE**

<u>Minimum Contacts for Purposes of Venue</u>

    The requirements for establishing Federal venue involving a corporate defendant is found in 28 USC §1391©, which states:

> "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. <u>In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal</u>

> jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." [Emphasis added.]

The Court of Appeals for the Sixth Circuit has developed a three-part test for application of personal jurisdiction requirements:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Shah v. Nu-Kote Intern., Inc.*, 898 F.Supp. 496, 502 (E.D.Mich.1995), citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir.1989), cert. denied 494 U.S. 1056 (1990).

When the first two elements are met, an inference arises that the third, fairness, is also present; only the unusual case will not meet this third criterion. *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir.1982).

Michigan's long-arm statute, MCL 600.715, states in pertinent part that courts of record are enabled to exercise limited personal jurisdiction and render judgement against a corporation "arising out of the act or acts which create any of the following relationships" between the corporation and the state, including "the transaction of any business within the state."

Even a single contact with the forum state may suffice for limited personal jurisdiction if it is directly and substantially related to the plaintiff's claim. *Lafarge*

*Corp*. v. *Altech Environment, U.S.A.*, 220 F.Supp.2d 823, 828 (E.D.Mich.2002), citing *Red Wing Shoe Co., Inc*. v. *Hockerson Halberstadt, Inc.,* 148 F.3d 1355, 1359 (Fed.Cir.1998).

    Plaintiff Charles L. Bye, Jr. submits Defendant Nationwide has sufficient "minimum contacts" in the Eastern District of Michigan to establish venue under 28 USC §1391 where it has its resident agent for the State of Michigan located in Bingham Farms, Michigan (Exhibit "A") and Nationwide insurance policies were sold in the Eastern District by Plaintiff Charles L. Bye, Jr., according to Nationwide's representations during its oral argument on venue.

    Plaintiff's claims of fraudulent inducement, violation of Michigan's franchise act and breach of the agent's agreement are directly and substantially related to the sale of insurance policies where Nationwide's pricing, underwriting and growth targets assigned to the agent's agreement affected Mr. Bye's sale of policies in the Eastern District of Michigan.

Forum Non Conveniens

    The purpose of 28 USC § 1404(a) is to prevent waste of time, energy, and money and to protect litigants, witnesses, and public against unnecessary inconvenience and expense. *Central Sports Army Club* v. *Arena Associates, Inc.,* 952 F.Supp.181 (S.D.N.Y.1997).

    Witnesses in this case are expected to come from three states: Michigan, Ohio and Indiana. The most senior of Nationwide employees to be deposed will be corporate

executives from Nationwide's headquarters in Columbus, Ohio.  Furthermore, Plaintiff assumes the records to be produced will also come from Columbus.  The distance and time expended from Columbus to Detroit will be less as compared to Grand Rapids, thereby making the Eastern District the most convenient venue in Michigan.

Both Plaintiff and Defendant agree the venue in the Eastern District is proper considering these factors and both request the case remain where it is provided the Court is inclined to deny Defendant's Motion to Dismiss for want of diversity.

> By:   s/John R. Monnich
> LAW OFFICES OF JOHN R. MONNICH, P.C.
> Attorney for Plaintiff
> 306 S. Washington Avenue, Suite 207
> Royal Oak, Michigan 48067
> (248) 548-4747
> jmonnichjdpc@ameritech.net

Dated:  July 29, 2008

**CERTIFICATE OF SERVICE**

_____I hereby certify that on July 29, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Thomas F. Kauza and Bishop A. Bartoni, 1050 Wilshire Drive, Suite 320, Troy, Michigan 48084.

> By:   s/John R. Monnich
> LAW OFFICES OF JOHN R. MONNICH, P.C.
> Attorney for Plaintiff
> 306 S. Washington Avenue, Suite 207
> Royal Oak, Michigan 48067
> (248) 548-4747
> jmonnichjdpc@ameritech.net