# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES L. BYE, JR.,

       Plaintiff,                                     CASE NO. 08-CV-10824

-vs-
                                                    PAUL D. BORMAN
NATIONWIDE MUTUAL                       UNITED STATES DISTRICT JUDGE
INSURANCE COMPANY,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The matter before the Court is Defendant National Mutual Insurance Company's ("Defendant") April 30, 2008 Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7). (Dkt. No. 5). Plaintiff Charles L. Bye, Jr. ("Plaintiff") filed his Response on June 2, 2008. A hearing on this matter was held on July 24, 2008. The Court also examined the issue of venue during the July 24 hearing. For the following reasons, the Court DENIES Defendant's motion and finds venue is proper in this district.

## I.     BACKGROUND

This case arises from Plaintiff's allegations of a fraudulent inducement, unjust enrichment, and breach of contract arising from an independent contractor agreement with Defendant.

Plaintiff is resident of Michigan. (Compl. ¶ 1). Defendant is incorporated in the State of Ohio and has its principal place of business in Columbus, Ohio. (*Id*. ¶ 4).

Plaintiff entered into an Independent Contractor Agent's Agreement ("ICAA") with Defendant on June 1, 2002. (*Id*. Ex. A, ICAA). The ICAA allowed Plaintiff to sell insurance and other financial products offered by Defendant. (*Id*.). The ICAA designates Plaintiff as an

"independent contractor". (*Id.* ¶ 1). Plaintiff contends he entered into the ICAA for the purpose of starting up his agency, Bye Insurance and Financial Services, Inc. ("Bye Insurance"). (*Id.* ¶ 29). Bye Insurance was incorporated prior to the execution of the ICAA on April 16, 2002. (Def. Br. Ex. 6, Articles of Incorporation).

On October 23, 2002, Bye Insurance executed a Corporate Agency Agreement ("CAA") with Defendant with Plaintiff signing on behalf of Bye Insurance. (Def. Br. ¶ 3, Ex. 1, CAA).

Plaintiff alleges that Defendant sought to be the number three insurer by share in the United States, and to forward this goal, it "devised a scheme" to have independent contractors "unknowingly finance [its] marketing efforts and subsidize its expansion plans." (*Id.* ¶¶ 7-8). Plaintiff further contends that he had to secure loans from Defendant when he either: (1) acquired a "book of business"; (2) merged with an existing Nationwide agency; (3) opened a new Nationwide location, or (4) purchased an independent agency to be converted into a Nationwide agency. (*Id.* ¶ 12). These loans were secured by Plaintiff's future earnings. (*Id.* ¶ 13). Independent contractors would default on these loan if they did not meet their production requirements. (*Id.* ¶ 16). Plaintiff alleges that these production requirements were not based on market conditions or Defendant's business strategies, and such goals were not achievable. (*Id.* ¶ 17).

On May 22, 2007, Plaintiff received a letter representing that his "Agent's Agreement" had been cancelled. (*Id.* Ex. E, Cancellation Letter).

On February 28, 2008, Plaintiff filed the instant action. On April 11, 2008 he filed the First Amended Complaint alleging: Fraudulent Inducement; Violation of Michigan Franchise Investment Law, 445.1501, *et seq.*; Breach of Contract; and Unjust Enrichment based on Defendant's conduct in relation to the ICAA.

Defendant now motions this Court to dismiss Plaintiff's claims because there is a necessary and indispensable party to the action who would destroy diversity jurisdiction if joined or alternatively because Plaintiff has failed to state a claim upon which relief can be granted.

## II. ANALYSIS

### A. Legal Standards

Defendant alleges Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (6), (7). In particular, Defendant argues that because there is a necessary and indispensable party which much be joined pursuant to Rule 19(b) and will deprive this Court of subject matter jurisdiction by destroying diversity. In the alternative, Defendant contends Plaintiff's action fails as a matter of law because he bases his claims on a contract which was no longer in force.

#### 1. Rule 12(b)(7) and (1)

Federal Rule of Civil Procedure 12(b)(7) allows for the dismissal of a cause of action for "failure to join a party under Rule 19." Trial courts have found that "dismissal for failure to join indispensable parties often requires consideration of matters outside the pleadings." *Anderson v. Hall*, 755 F. Supp. 2, *5 (D.D.C. 1991); *see Rojas v. Loewen GRP Int'l, Inc*, 178 F.R.D. 356, 360 (D. Puerto Rico, 1998); *Sims v. Mack Trucks, Inc*., 407 F. Supp. 742, 743 n.2 (E.D. Penn. 1976) (same).

Pursuant to Rule 12(b)(1), dismissal of an action is appropriate where a court does not enjoy subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attach the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff

3

bears the burden of proving that jurisdiction exists." *Abbot v. Michigan*, 474 F.3d 324 (6th Cir. 2007) (citation omitted). When evaluating a motion to dismiss pursuant to Rule 12(b)(1), the United States Court of Appeals for the Sixth Circuit has instructed:

> When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations omitted).

### 2. Rule 12(b)(6)

The Sixth Circuit has recently summarized the post-*Twombly* legal standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

> "The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." "In reviewing a motion to dismiss we can construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."

*Bassett v. The Nat'l Collegiate Athletic Ass'n*, No. 06-5795, 2008 WL 2329755, *2 (6th Cir. June 9, 2008) (internal citations omitted); *see Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 1287 S. Ct. 1955 (2007).

In the instant case, Defendant attaches an affidavit and other documents to its Motion to Dismiss. The Sixth Circuit has held:

> Rule 12(b) of the Federal Rules of Civil Procedure provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent

4

to such a motion by Rule 56." Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. This occurs when "a document is referred to in the complaint and is central to the plaintiff's claim . . . ." In such event, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment."

*Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citations omitted). Here, certain contracts and correspondence are attached to Plaintiff's Amended Complaint and form the basis of the same. Pursuant to precedent, the Court considers these documents as part of the pleadings and in its evaluation of Defendant's Rule 12(b)(6) motion. However, to the extent that Defendant argues alternatively under Rule 56 for summary judgment, the Court, pursuant to precedent, declines to consider this alternative argument as there has been no discovery afforded to Plaintiff. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) (holding that "a grant of summary judgment is improper if the non-movant is given insufficient opportunity for discovery.").

**B.  Venue**

On July 22, 2008, the Court issued an order advising the parties to be prepared to address the issue of proper venue a the hearing on July 24, 2008. Both parties stated at the hearing that they wanted the case to proceed in the Eastern District of Michigan.

Pursuant to 28 U.S.C. § 1391(a)(3), an action based on diversity of citizenship may be brought in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced." Further, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 13 U.S.C. § 1391(c).

After review, the Court finds venue is proper in the Eastern District of Michigan for the reason that Defendant Nationwide represented during oral argument that it has a corporate office in Troy, Michigan, and maintained that office at the time this action was brought. Therefore, Defendant Nationwide is deemed to reside in the Eastern District, and venue is proper.

**C. Necessary Party**

Defendant contends that Plaintiff failed to join a necessary and indispensable party, Titan Insurance Company ("Titan") pursuant to Rule 19, and if joined that party will destroy diversity jurisdiction.

In evaluating the question of whether joinder is proper pursuant to Rule 19, a trial court must use a three-step test. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

> First, the court must determine whether the person or entity is necessary to the action under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable. Thus, a person or entity "is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder *cannot* be effected, and (3) the court determines that it will *dismiss the pending case* rather than proceed in the case without the absentee.

*Id.* (internal citations omitted) (emphases in original).

Pursuant to Rule 19(a), a necessary, or "required" party is: "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction . . . ." Necessary parties must be joined as parties if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims a interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

6

>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Defendant alleges that Titan is a necessary party to the instant action because Titan became a signatory to the CAA through an addendum. (Def. Br. Ex. 3, 1/2007 Addendum). The Addendum added Titan as well as other companies to the paragraph entitled "Agency Appointment" in the CAA. Defendant argues that because Titan is a signatory to the contract, Plaintiff may have a possible claim against it and therefore complete relief cannot be afforded without joining it to the instant action. Further, Defendant contends without joinder, Titan may be at risk for double or inconsistent rulings.

After review, the Court finds that Titan is not a required or necessary party to this action. Defendant spends much of its brief setting forth other cases wherein a party was found to be a necessary party to an action. However, Defendant fails to articulate why Titan has a dog in this particular fight. The Court notes that Titan is one of a myriad of wholly owned subsidiaries that were made parties to the CAA through an addendum.

Relying upon *Onyx Waste Servs. Inc. v. Mogan*, 203 F. Supp. 2d 777 (E.D. Mich. 2002), Defendant contends that where a party is a signatory to a contract, the entity is a "per se necessary party" to the action. In *Mogan*, a Wisconsin company sued an employee because of his violation of a non-compete agreement. The defendant argued that a Michigan subsidiary of the Wisconsin company was necessary and indispensable to the action. The trial court held that the non-diverse

subsidiary was a required party to an action pursuant to Rule 19, where the subsidiary was as signatory to the non-compete agreement and:

> [d]efendant was paid by the Michigan corporation, received W-2's with the Michigan corporation's federal employee identification number, both corporations shared several corporate officers and directors, Defendant worked in Michigan and out of the Michigan corporation's principal place of business, the Wisconsin corporation was neither authorized or licensed to conduct business in Michigan prior to March 2002, both corporations were parties to the non-compete agreement with Defendant, the agreement and the parties to it are governed entirely by Michigan law, and Defendant reported and resigned to an individual who is listed as serving as the CEO of the Wisconsin corporation and vice-president of the Michigan corporation. It is important to note that all of this information was uncovered by Defense counsel before it had a chance to conduct formal discovery.

*Id*. at 785. The trial court also noted that

> If the absent party has a legally protected interest *in* the subject matter of the action – i.e., he is a party to a contract at issue – he falls squarely within the terms of Rule 19(a)(2). Further Rule 19(a)(2) only requires that the absent party have an interest "*relating to*" the subject matter of the action not that the absent party has a direct interest *in* the action at bar.

*Id*. 786 (emphasis in original).

Here, Defendant argues that Plaintiff may have a claim against Titan, however, fails to set forth what that claim might be or whether Titan could be subject to the same allegations Plaintiff has set forth against Defendant. Defendant's argument of necessity relies solely on the fact that Titan was made a signatory to a contract through an addendum approximately four years after Defendant's first business contact with Plaintiff.

The Court finds that although being a party to a contract may give rise to legal rights, this standing alone does not make that party a "required" party under Rule 19. Unlike *Mogan*, the gravamen of the instant case is Defendant's alleged misrepresentations and "devices, schemes and artifices" which induced Plaintiff to contract with Defendant, caused Plaintiff to breach its contract

8

or Defendant breach the contract, and unjustly enriched Defendant.

Defendant does not contend that Titan made such similar representations or demands. Defendant also fails to evidence that Plaintiff could make any claim "relating to" these charges based on misrepresentation, rather, Defendant merely argues that Titan is a necessary party because Plaintiff may have an unrelated contract claim which may have arisen in the approximate five months they were in privy. The Court finds this argument without merit.

Also, the Court notes that Titan has not come forward in this Court and claimed an interest relating to the subject matter of the action which is required by Rule 19(a)(2). "A party is not necessary where it has not claimed an interest in the outcome of an action and complete relief can be ordered in its absence."[1] *Century Business Servs., Inc. v. Bryant*, 69 Fed. Appx. 306, 311 (6th Cir. 2003) (unpublished). Here, the Court can afford complete relief to the named parties where the allegations involve claims all based upon misrepresentations and Plaintiff has not alleged any wrongdoing on the party of the non-joined signatory, Titan.

Finally, the Court notes that there remain genuine issues of fact over whether the CAA superceded the ICAA, discussed *supra*, and therefore, it remains unclear whether Titan would even have any unrelated contractual rights to protect.

### D. Failure to State a Claim and/or Summary Judgment

Defendant argues in the alternative that Plaintiff's claim should fail as a matter of law

---

[1] The Court notes that Defendant's counsel represented at oral argument that Titan has brought a contract claim against Plaintiff in state court thirty days after this motion was filed. However, given the timing of the action and the failure for counsel to show the action "relates to" the currant action; the Court finds this unpersuasive evidence that Titan is a necessary party as to this action.

because he relies upon the wrong contract in his Amended Complaint. Defendant contends that the CAA superceded the ICAA and Plaintiff's claims should therefore be dismissed.

First, as noted previously, summary judgment at this stage in the litigation is inappropriate where Plaintiff has not been afforded any discovery. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) (holding that "a grant of summary judgment is improper if the non-movant is given insufficient opportunity for discovery.").

To the extent that Defendant claims that Plaintiff's Amended Complaint should be dismissed for failure to state a claim, the Court holds this claim is without merit. First, there is no argument that Plaintiff has failed to set forth the elements of his alleged claims. Rather, Defendant argues that Plaintiff is relying upon a contract which was superceded at a later date. However, attached to the Amended Complaint is a letter sent by Defendant's Sale Officer canceling Plaintiff's "Agent's Agreement" with Defendant – not its "Agency Agreement". This letter was sent after Plaintiff and Defendant allegedly entered into the CAA.

For the reason that there are issues of fact regarding what contract was in effect at the time of Defendant's alleged misrepresentations, this question appears to be ill suited for determination at this early stage of the litigation before discovery has truly begun.

### III. CONCLUSION

Therefore, the Court **DENIES** Defendant's Motion to Dismiss. (Dkt. No. 5).

**SO ORDERED**.

                              s/Paul D. Borman  
                              PAUL D. BORMAN  
                              UNITED STATES DISTRICT JUDGE

Dated: August 5, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 5, 2008.

                                            s/Denise Goodine
                                            Case Manager