UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. BYE, JR. and BYE
INSURANCE AND FINANCIAL
SERVICES, INC.,

        Plaintiffs,

v.

        Case No. 08-10824

        Paul D. Borman
        United States District Judge

NATIONWIDE MUTUAL INSURANCE
COMPANY, an Ohio Corporation,

        Defendant.
_____/

ORDER PERMITTING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING ON (1) WHAT CONTRACT WAS IN EFFECT AT THE TIME OF PLAINTIFF'S TERMINATION AND WHETHER DEFENDANT NATIONWIDE BREACHED THAT CONTRACT BY TERMINATING PLAINTIFF FOR BREACH OF AN EXCLUSIVE REPRESENTATION PROVISION; AND (2) WHETHER DEFENDANT NATIONWIDE IS THEREFORE ENTITLED TO SUMMARY JUDGMENT ON COUNTS I-V OF ITS COUNTERCLAIM

The Court, having reviewed the parties briefs in support of and in opposition to Defendant Nationwide Mutual Insurance Company's ("Nationwide") motion for summary judgment, and having given the parties an opportunity to be heard at oral argument, finds that both the record and the legal arguments presented on the following two issues, which are before the Court but were touched on only in passing in the parties' briefs and not addressed at oral argument, are insufficient to permit the Court to rule on Nationwide's motion for summary judgment on Count III of Plaintiff's Complaint or on Nationwide's motion for summary judgment on Counts I-V of its Counterclaim: (1) what contract was in effect when Nationwide terminated Plaintiff and did Nationwide breach that

1

contract by terminating Plaintiff for breach of an exclusive representation provision (Count III of Plaintiff's Complaint) and (2) whether Nationwide is entitled to summary judgment on Counts I-V of its Counterclaim.

Accordingly, the Court is holding in abeyance its ruling on these two issues and giving both parties the opportunity to file supplemental briefs. The parties must direct the Court to specific legal and factual bases for their arguments and must further specify the exact contractual provisions, agreements or other documents that support their respective positions. The briefs will be limited to the two narrow issues outlined in this Order and the parties are not permitted to discuss any issue relating to Plaintiff's claims of fraudulent inducement/misrepresentation, unjust enrichment or the Michigan Franchise Investment Law, which the Court has ruled on in a separate Opinion and Order filed this day.

Nationwide is permitted to file a 7 page supplemental brief, limited to these two discrete issues, within 10 days of the entry of this Order. Plaintiff will have 10 days from the filing of Nationwide's supplemental brief to file a 7 page response. No reply will be permitted.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 5, 2010.

                                                s/Denise Goodine
                                                Case Manager