UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. BYE, JR. and BYE
INSURANCE AND FINANCIAL
SERVICES, INC.,

        Plaintiffs,

v.

Case No. 08-10824

Paul D. Borman
United States District Judge

NATIONWIDE MUTUAL INSURANCE
COMPANY, an Ohio Corporation,

        Defendant.
_____/

OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

On August 19, 2010, Plaintiffs filed a Motion for Reconsideration and Rehearing (Dkt. No. 75) of this Court's August 5, 2010 Opinion and Order (Dkt. No. 73.) For the reasons that follow, the Court DENIES Plaintiffs' motion for reconsideration.

**I.    BACKGROUND**

On August 5, 2010 this Court entered its Opinion and Order granting in part Defendant Nationwide Mutual Insurance Company's ("Nationwide") motion for summary judgment. (Dkt. No. 73.) In that Opinion, this Court concluded that Plaintiff had failed to produce evidence in support of his claims of fraudulent inducement and silent fraud which created a genuine issue of material

1

fact sufficient to survive Nationwide's motion for summary judgment.[1] The Court found that, "[e]ven drawing all inferences in Plaintiff's favor, Plaintiff simply has not adduced enough evidence demonstrating facts that could lead a reasonable jury to conclude that Nationwide fraudulently induced this Plaintiff into continuing to invest in and grow and expand his Nationwide agency." (Opinion and Order, Dkt. No. 73, 32.)

Plaintiff has filed the instant motion for reconsideration, arguing that the Court improperly weighed the evidence and made credibility determinations in reaching its conclusion that Plaintiff failed to establish his fraud-based claims. (Mot. Recon. 3.) Plaintiff argues that the Court's failure to conclude that there exist material questions of fact on Plaintiff's claim that he was defrauded by Nationwide has deprived Plaintiff of his right to a jury trial. (*Id.*) Plaintiff asks the Court to re-examine its Opinion and to conclude that "the arguments of Plaintiff satisfy the requirements of fraud" and allow Plaintiff to argue his claims to a jury. (*Id.* at 18.)

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

---

[1] Although Plaintiffs, plural, are Charles L. Bye and Bye Insurance and Financial Services, Inc., Plaintiffs have, throughout their briefing in this matter, referred almost exclusively to "Plaintiff" Charles L. Bye. The Court has done the same and will refer to "Plaintiff" throughout this brief, indicating Plaintiff Charles L. Bye.

2

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

In his motion for reconsideration, rather than discussing the standard of review for the instant motion, Plaintiff discusses the standard of review for the underlying motion for summary judgment. Thus, Plaintiff does not address the "palpable defect" standard and does not discuss how the parties or other persons have been misled by the Court's ruling. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich.1997). Plaintiff does not address this standard. In fact, Plaintiff has done precisely what local rule 7.1 prohibits – Plaintiff has filed a motion "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich.2001) ("A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.").

In spite of Plaintiff's failure to discuss a "palpable defect," the Court has analyzed Plaintiff's generalized objections and concludes that there has been no showing of a palpable defect and denies Plaintiff's motion to reconsider.

### III. ANALYSIS

Quoting from the authority Plaintiff cites in support of his argument that he was deprived of his right to a jury trial, the Court notes: "Assuming that [Plaintiff] had a right to jury trial on the

question, it was not denied here. Summary judgment is not unconstitutional; where there are no disputed issues of material fact for a jury to decide, no jury is necessary. . . . summary judgment is appropriate only where, viewing the facts in the light most favorable to the nonmovant, there are no genuine issues of material fact and judgment for the movant is appropriate as a matter of law. Fed.R.Civ.P. 56(c)." *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 192 (5th Cir. 1983).

Narrowing this case down to its core issue, notwithstanding all of the "factual" determinations that Plaintiff claims the Court has made, Plaintiff has produced no evidence that Nationwide made a promise or guarantee relating to Plaintiff's ability to achieve loan waiver that the law recognizes as the type of representation on which Plaintiff could reasonably have relied. Plaintiff furthermore has produced no evidence that Nationwide intended to deceive Plaintiff. The Court did not make credibility or factual determinations on these issues. The Court made sufficiency of the evidence findings, as it is required to do on summary judgment, and concluded that, taking the facts in the light most favorable to the Plaintiff, no reasonable juror could conclude that Nationwide made an actionable misrepresentation to Plaintiff or that Nationwide intended to deceive Plaintiff.

Plaintiff claims that he was fraudulently induced to enter into the various CAP loans based upon an alleged "promise" made by Nationwide that he would be able to achieve loan waiver and have his loans forgiven. This argument was addressed in the Court's Opinion and the Court will not restate its reasoning here except to note again that, as a matter of law, a promise as to the anticipated and hoped-for success of Plaintiff's agency, even assuming it were made, is not actionable on a theory of fraudulent inducement. (*Id.* at 22-25.) Any such "promise" would be a mere prediction or statement of opinion as to future "success" and would not be actionable on a theory of fraudulent

4

misrepresentation or fraudulent inducement. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 337-338 (1976); *Diamond Computer Systems, Inc. V. SBC Communications, Inc.*, 424 F. Supp. 2d 970, 981 (E.D. Mich. 2006); *Jim Bob, Inc. v. Mehling*, 178 Mich. App. 71, 90 (1989). *Cook v. Little Caesar Enter., Inc.*. 972 F. Supp. 400, 410 (E.D. Mich. 1997).

Furthermore, again as addressed at length in the Court's Opinion, Plaintiff has produced no evidence from which a reasonable juror could conclude that Plaintiff's reliance on any such alleged "promise" was reasonable. Plaintiff argues that he held on to the belief that he would achieve loan waiver, and thus continued to grow his agency, despite the fact that on multiple occasions he signed and understood documents that specifically gave Nationwide the ability to potentially frustrate that goal by raising premium prices without notice to or the consent of the agent. Plaintiff admitted that he was aware that his premium rates were predicted to increase, but he "didn't really expect" it to happen. (Opinion and Order, Dkt. No. 7, 26-27.) Plaintiff also claims that he held this belief notwithstanding his acknowledgment of the following disclaimer on his business plan: "Nationwide cannot and does not guarantee the plan as outlined will result in achieving the desired objective." (*Id*. at 22.) Plaintiff was aware that several of the agencies he decided to acquire had failed before him, but believed that he "was different" from those other agents and could succeed where they failed. (*Id.* at 4.) Plaintiff admits that he was never forced by Nationwide to make a new acquisition, that he always knew any decision to grow had to be in his best financial interests and never disputed that he always had a six-month "free-look" period, during which time he was free to back out of the loan completely. (*Id*. at 9-10.)

Additionally, the Court did not make credibility determinations as to Plaintiff's business experience, it merely related Plaintiff's own testimony as to his business background which speaks

5

for itself as to Plaintiff's "sophistication." The Court merely noted that this admitted experience adequately distinguishes this Plaintiff from the Iraqi immigrants in *In re Allied Supermarkets, Inc*., 951 F.2d 718 (6th Cir. 1992), the case relied on by Plaintiff in support of his argument that there was some legally significant inequality between Plaintiff and Nationwide. Plaintiff quite simply did not offer evidence from which a reasonable juror could conclude, even assuming Nationwide made a legally actionable promise that Plaintiff would achieve loan forgiveness (which the Court concluded as a matter of law that it did not), that it was reasonable for Plaintiff to rely on such a promise in view of his admitted knowledge of evidence to the contrary.

Finally, on the issue of intent, Plaintiff argues in his motion for reconsideration that the Court "softened the impact" of Ranelle Smith's testimony. (Mot. Recon. 7.) The Court merely attempted to correct Plaintiff's mischaracterization of Ms. Smith's testimony by reciting her testimony verbatim and concluding that no reasonable juror could find, based on that testimony, that Nationwide made a misrepresentation to Plaintiff that he could achieve loan waiver. First, Ms. Smith never stated that Nationwide made misrepresentations. She testified that the agents felt they had been misinformed. Viewed in the light most favorable to Plaintiff, Ms. Smith's testimony states that some agents expressed to her their feeling that they had been given misinformation that induced them to sign up for the CAP loan program. This testimony says nothing about a representative of Nationwide making a statement to Plaintiff promising him that he could achieve loan forgiveness. Moreover, this triple hearsay testimony is not "evidence of evidentiary" quality, which Plaintiff was obligated to provide to create a genuine issue of fact on the issue of intent. As Judge Tarnow noted in his recent opinion dismissing a similar claim of another Nationwide agent who also sought to rely on this same testimony by Ms. Smith:

6

> That's Ranelle Smith's opinion. . . . One level of hearsay would be okay if she were reporting what one of the Defendant's employees had told her. . . . But she is buffered from that for hearsay purposes by the fact that it's being told to her not by any agent or employee of the Defendant, but it's being told to her by people who have interests adverse to the Defendant. And then you put on top of that, it's this witness's opinion based on that. She could think they were telling the truth, but it doesn't pass muster. . . . And we also have very little or no evidence, I should say, of an intent to deceive. There was an intent to create business. And that's the nature of sales and so on.

*Nemier v. Nationwide Mutual Ins. Co.*, No. 09-cv-10634, Transcript of Hearing, Dkt. No. 70, 45-46 (E.D. Mich. July 28, 2010). A reasonable juror could not conclude, based on this testimony, even assuming some agents were given misinformation, that Nationwide intended to deceive Plaintiff.

Finally, Plaintiff argues in his motion for reconsideration that the Court did not adequately address the issue of competition from Allied. (Mot. Recon. Dkt. No. 75, 10.) Regardless of whether Plaintiff's deposition testimony, standing alone, would be sufficient to create a genuine issue of fact as to whether there was a price differential between Allied and Nationwide (and the Court concludes that it is not), the Court concluded that Plaintiff failed to state a claim of silent fraud because he admitted that he complained to Nationwide in 2003 or 2004 about competition from Allied and that he was told to "live with it." Thus, Plaintiff cannot establish that he inquired and was given an incomplete reply or misdirected. He was told the truth and he does not dispute this.

Although this Court was not aware of the decision in *Nemier* when it issued its Opinion in this case, Judge Tarnow's ruling in that case parallels each of the conclusions reached by this Court in dismissing Plaintiff's claims in the instant case. Judge Tarnow held:

> That there was no representation that could have been relied on as a promise or guarantee. That there was no intent to deceive. There was intent to create more business. It was a transaction between people both knowledgeable in the industry. And while there may have been pressures to be a team player . . . And it may be in this case [sic] was interpreted if you want to stay on our good side, open a branch office. But there was no obligation, especially given that they were independent

7

contractors, your client and the Defendant. So the motion is granted. The case is dismissed.

*Nemier*, Transcript of Hearing, Dkt. No. 70, 46-47.[2]

## IV. CONCLUSION

For the foregoing reasons, and because Plaintiff has failed to establish a palpable error by which the parties were misled and only presents arguments addressed by the Court in its Opinion and Order, the Court DENIES Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: October 1, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 1, 2010.

                                            s/Denise Goodine
                                            Case Manager

---

[2] *See also Boeve v. Nationwide Mutual Ins. Co.*, No. 08-cv-12213, Order Granting Defendant's Motion for Summary Judgment and Defendant's Counterclaims, Dkt. No. 57 (Sept. 28, 2010) (holding, in another Nationwide agent case on similar facts, that plaintiff failed to establish a claim of fraudulent inducement, silent fraud or unjust enrichment and granting Nationwide's motion for summary judgment on these claims and granting Nationwide's motion for summary judgment on its counterclaim for amounts owed on plaintiff's unpaid loans).